Case 2:18-cv-00043   Document 92   Filed on 01/15/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELEN GONZALES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-43 |
| | § | |
| MATHIS INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court are: (1) Plaintiffs' Motion to Strike Defendant's Answer (D.E. 57); (2) Defendant Mathis Independent School District's (MISD's) Motion for Leave to File Answer (D.E. 59), which is responsive to Plaintiff's motion to strike; and (3) Plaintiff's response (D.E. 65) to MISD's motion for leave.  The Court previously considered MISD's affirmative defenses challenging the Court's jurisdiction and asserting its governmental immunity with respect to Plaintiffs' Texas Religious Freedom Restoration Act (TRFRA) claims and carried the motion to strike with the case with respect to other claims and defenses.  D.E. 61, p. 1, 7.

For the reasons set out below, the Court GRANTS Plaintiffs' motion to strike (D.E. 57) and DENIES MISD's motion for leave (D.E. 59).

## DISCUSSION

**Untimely**.  Facts affecting the adjudication of the motions are largely undisputed. Procedurally, MISD filed its amended answer (D.E. 38) over one year after the expiration of the deadline for doing so—as that deadline is measured in relation to responding to Plaintiffs' amended complaint (D.E. 8).  MISD gives no reason for its late filing other than inadvertence. And the amended answer was filed through the electronic filing system just prior to the

expiration of the deadline for amending pleadings under the Scheduling Order (D.E. 29). However, MISD did not file its motion for leave until after the deadline expired and after Plaintiffs filed their motion to strike. And while the discovery deadline had not yet passed, the parties had already completed the depositions of major witnesses. D.E. 57, p. 4. Thus Plaintiffs assert that they will be prejudiced by the consideration of any additional untimely defenses.

**Immunity**. Plaintiffs identify three new affirmative defenses in the amended answer to which they specifically object: immunity, lack of jurisdiction, and limitations. The sixth affirmative defense is a conclusory assertion of unspecified immunity against Plaintiffs' state law claims. Plaintiffs' only state law claims are based on the TRFRA. D.E. 8, ¶¶ 37-39. In ruling on MISD's appeal of the preliminary injunction orders in this case, the Fifth Circuit held that the TRFRA waived governmental immunity as to C.G.'s TRFRA claim, eliminating that defense. D.E. 90 (*Gonzales v. Mathis ISD*, No. 19-40776 (October 22, 2020)). The Fifth Circuit further held that a separate jurisdictional defect precludes D.G's reliance on the TRFRA.

The Fifth Circuit's rulings constitute law of the case and are binding on this Court. Consequently, the only apparent assertion of immunity has been rejected as to C.G. and is moot as to D.G. Therefore, assertion of the immunity defense would be futile, which is an established basis for refusing an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Jurisdiction**. The seventh affirmative defense is a conclusory assertion of lack of jurisdiction with respect to Plaintiffs' state law claims. The only jurisdictional argument MISD presented is that, under the TRFRA, Plaintiffs were required to give 60-day presuit notice by certified mail, return receipt requested. The Fifth Circuit's opinion (D.E. 90) eliminated that defense as to C.G. because the timing circumstances of his claims placed him in an exception to the presuit notice requirement. However, the Fifth Circuit's decision requires the Court to

dismiss D.G.'s TRFRA claim for lack of jurisdiction because his timing issues did not place him within the same exception to the notice requirement.

Again, under the law of the case doctrine, MISD's only asserted jurisdictional defense has been rejected as to C.G. and is dispositive of D.G.'s TRFRA claim.  Either way, allowing amendment would be futile at this juncture.

**Limitations**.  Like the other new affirmative defenses, MISD's limitations defense is set out in a single conclusory sentence in the amended answer.  In its opinion, the Fifth Circuit was concerned with the timing of this case as it affected jurisdiction.  It determined that C.G.'s action arose in December 2017, and that he filed this action on January 9, 2018.  D.E. 90, p. 3.  Consequently, the maximum time that expired between accrual and filing was forty (40) days.  The Court is not aware of any statute of limitations that would preclude this type of action on the basis of a less-than-forty-day limitations period and MISD has not specified one.

As with the other affirmative defenses, the limitations defense is therefore futile.

## CONCLUSION

For all of these reasons, the Court GRANTS Plaintiffs' motion to strike (D.E. 57) and DENIES MISD's motion for leave (D.E. 59) as both untimely and as futile.

ORDERED this 15th day of January, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE