Case 2:18-cv-00043   Document 93   Filed on 01/15/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELEN GONZALES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-43 |
| | § | |
| MATHIS INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment (D.E. 81), seeking summary judgment on their claims under the Texas Religious Freedom Restoration Act, Texas Civil Practice and Remedies Code § 110.001, et seq.  Also before the Court are MISD's response (D.E. 83) and Plaintiffs' reply (D.E. 84).  For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

**A. Prior Proceedings**

Defendant MISD's response (D.E. 83) purports to incorporate by reference all of its prior motions, responses, and replies, directed at all of the substantive proceedings previously addressed, specifically D.E. 20; 20-1; 24; 26; 39; 40; 53; 53-1; 53-2; 53-4; 53-6; 53-7; 53-8; 72; 72-1; 79; 79-1.  The Court rejects this strategy for four reasons.  First, it is an improper attempt to evade the page limitations set out in the Court's Scheduling Order.  *See* D.E. 29, ¶ 11(e).  Second, it fails to point out the specific evidence or arguments claimed to be relevant in violation of general rules applicable to motion practice.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).  Third, this Court has previously found MISD's

1 / 4

arguments unpersuasive in the proceedings represented by those referenced filings and nothing in the response (D.E. 83) appropriately identifies any error in those conclusions. *See* D.E. 25, 28, Minute Entry for September 5, 2019,[1] 61, 80. And fourth, to the extent that those filings address issues of jurisdiction and immunity, the Fifth Circuit has already ruled on those defenses. D.E. 90. Its ruling constitutes law of the case, binding on this Court.

As a result of the Court of Appeals' opinion (D.E. 90), the Court DENIES IN PART Plaintiffs' motion for partial summary judgment (D.E. 81) to the extent that D.G. seeks relief under the TRFRA. The Fifth Circuit determined that he had not satisfied a jurisdictional prerequisite for proceeding in his own name on that claim.[2] Therefore, the Court DISMISSES WITHOUT PREJUDICE D.G.'s TRFRA claim for lack of jurisdiction, only. The parties are reminded of the Fifth Circuit's observation that "both brothers are constrained by MISD's hair policy and should the district court ultimately conclude that the policy is invalid under TRFRA, D.G. may enjoy the benefits from that ruling and the strong protections afforded students by TRFRA going forward . . . ." D.E. 90, p. 10.

Moreover, as to C.G., the Fifth Circuit has held that MISD's governmental immunity is waived by the TRFRA. Therefore, the Court does not further address the jurisdictional and immunity defenses presented in MISD's summary judgment response.

### B. C.G. is Entitled to Summary Judgment on his TRFRA Claim

Given the current posture of this case, the only question presented by Plaintiffs' motion for partial summary judgment (D.E. 81) is whether Plaintiffs have established the TRFRA claim or whether there is a disputed issue of material fact precluding judgment. The factors involved

---

[1] While MISD seeks to incorporate D.E. 39, that entry was terminated because the same motion was refiled as D.E. 40 and the Court ruled on D.E. 40 at its September 5, 2019 preliminary injunction hearing.

[2] In contrast, the Fifth Circuit held that C.G.'s claim had no jurisdictional defect.

in proving a claim under the TRFRA are: "(1) whether the government's regulations burden the plaintiff's free exercise of religion; (2) whether the burden is substantial; (3) whether the regulations further a compelling governmental interest; and (4) whether the regulations are the least restrictive means of furthering that interest." *Merced v. Kasson*, 577 F.3d 578, 588 (5th Cir. 2009) (citing *Barr v. City of Sinton*, 295 S.W.3d 287, 299 (Tex. 2009)). The TRFRA places the responsibility of proving a substantial burden (the first two elements) on Plaintiffs. But it is MISD's burden to show a compelling state interest and least restrictive means (the last two elements). *Barr*, 295 S.W.3d at 307-08.

As the Court analyzed in denying MISD's motion for summary judgment (D.E. 20), Plaintiffs' evidence is sufficient to establish a substantial burden. D.E. 25, pp. 10-14. MISD did not, in the previous summary judgment proceeding, offer evidence as opposed to arguments on this issue. And it does no better now.

The only argument[3] it articulates is that the promesa is not a religious belief, but a religious practice. D.E. 83, p. 1. This Court previously addressed this issue as follows:

> The *Barr* opinion notes that some courts have made a distinction between a burden on a person's beliefs as opposed to a burden on his conduct. [*Barr*, 295 S.W.3d at 301]. This perspective tends to place the court in the position of crossing the line into determining the importance of particular conduct to the central tenets of the religion. To avoid that conundrum, *Barr* instructs courts to measure "the degree to which a person's religious conduct is curtailed and the resulting impact on his religious expression." *Id*. That measurement is taken from the person's perspective, not the government's. *Id*. And it is a fact-specific inquiry. *Id*. at 302.

D.E. 25, pp. 10-11.

---

3   MISD did mention this Court's findings regarding the First Amendment claim, which is not before the Court. *See* D.E. 83, p. 1 (citing to D.E. 25, pp. 6, 9). Those findings are not applicable to the TRFRA claim.

Using this test, Plaintiffs have provided uncontroverted evidence that MISD's policy requires Plaintiffs to curtail the entire religious act involved in their promesa, which is important to their religious beliefs, or suffer the loss of important educational and recreational benefits normally provided to enrich students and prepare them for a successful future. Plaintiffs have demonstrated a substantial burden. And MISD has failed to raise a disputed issue of material fact in this regard.

MISD's response fails to address either of the issues on which it bears the burden of proof. Plaintiff C.G. is therefore entitled to partial summary judgment granting his TRFRA claim and entitling him to permanent injunctive relief.

## CONCLUSION

For the reasons set out above, Plaintiffs' motion for partial summary judgment (D.E. 81) is GRANTED IN PART and DENIED IN PART. It is granted in its entirety as to C.G.'s TRFRA claim. It is denied with respect to D.G.'s TRFRA claim, which is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Plaintiffs are ORDERED to submit their proposed partial summary judgment order awarding injunctive relief on or before **February 1, 2021**.

ORDERED this 15th day of January, 2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE